UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JESSE JAMES WOLFGRAM,

        Plaintiff,

  v.                                                                        Case No. 24-cv-1265-pp

SHEBOYGAN COUNTY POLICE DEPARTMENT,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

---

      On October 4, 2024, the plaintiff—who is representing himself—filed a complaint, dkt. no. 1, and a request to proceed without prepaying the filing fee, dkt. no. 2. The complaint alleges that the defendant used excessive force on the plaintiff when responding to his 911 call. Dkt. No. 1 at 2–3. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee but will require him to file an amended complaint.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

      An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to

1

proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit states that he is unmarried with no dependents. Dkt. No. 2 at 1. He states that he is self-employed "working 10-15 hours per week as [his] body allows" and lists his total monthly wages or salary at "between 0-$500." Id. at 1–2. The plaintiff also receives $750 per month in housing assistance from the state of Michigan and reports receiving $10,000 since October 8, 2022 from his mother for "medical expenses, car rentals, hotels, gas money to get to my specialists." Id. at 2. He states that he currently has $2.21 in cash or bank accounts. Id. at 3.

The plaintiff's income is offset by his reported $9,800 worth of monthly expenses. Id. at 2–3. This includes $800 in rent (with $750 of that covered by the state's housing assistance), $500 in other household expenses, $6,700 in school loan debt and $1,800 in "collections piling up."[1] Id. The plaintiff states that he owns a 2006 Pontiac Torrent and no other property of value. Id. at 3–4. He explains that the defendant "has left [him] financially crippled" and unable to get the medical care he needs, which "has put a huge amount of financial strain on [his] family and church that previously could help." Id. at 4. The plaintiff says that a "crime victim compensation case on a state level" "will only cover a portion of the damages." Id.

---

[1] The plaintiff identified the last two expenses as "monthly" expenses, but the amounts could represent are the total due on the plaintiff's student loan and to "collections." But because the plaintiff submitted his affidavit under penalty of perjury, the court assumes that these are true monthly expenses.

2

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant his motion for leave to proceed without doing so. The court advises the plaintiff, however that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 Fed. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original)). The plaintiff must pay the filing fee over time, as he is able.

**II.     Screening the Complaint**

    A.    Legal Standard

The court next must "screen" the complaint to decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

3

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64.

B.   The Complaint

The plaintiff states that on October 8, 2022, his rights and the rights of his disabled mother were "extremely violated" during a stay at the AmeriVu Suites in Sheboygan Falls, Wisconsin. Dkt. No. 1 at 2. The plaintiff states that his mother is "a fully disabled vulnerable adult with special needs" for whom he provides care. Id. at 3. The plaintiff states that he, his friend Michael and his mother were in the pool area of the hotel when a man he identifies as William Reed "made some uncomfortable comments to [the plaintiff's] mother" while appearing intoxicated. Id. The plaintiff states that he asked Reed to "please leave [them] alone," then alerted the hotel employee at the front desk about Reed's actions after Reed left the pool area. Id. According to the plaintiff, the hotel employee stated that Reed also had made comments to her "that

4

made her feel uncomfortable." Id. The plaintiff informed the employee that he would call 911 if Reed returned to the pool area and asked that the employee also "call for help," which she agreed to do. Id.

The plaintiff states that Reed returned to the pool area, "stripped down to his underwear and began approaching [the plaintiff's mother] in a predatorial like way." Id. The plaintiff states that he and his friend tried to stop Reed and that Reed got "angry" and "wanted to fight [them]" for intervening." Id. at 2. The plaintiff states that after the plaintiff's mother screamed "call 911," he called the front desk twice on the "hotel emergency red phone," then called 911 on his cell phone. Id.

The plaintiff states that when the police arrived, he informed them that Reed must be arrested because the plaintiff and his family were in "extreme fear" of Reed. Id. at 3. The plaintiff reports that the police did not arrest Reed and instead "threw [the plaintiff] down the stairs and body slammed [him], crush[ing] and suffocate[ing]" the plaintiff even though the plaintiff "had [his] hands up in surrender." Id. The plaintiff states that he was in "critical condition" and could not walk after the alleged attack. Id. at 4. He states that he still is recovering under a care team of ten specialists and is "dealing with physical, mental, emotional, [and] financial crisis since this took place." Id.

The plaintiff lists the following claims against the defendant:

- Violated Americans with Disabilities Act by not properly providing safety for my mother
- Police brutality Excessive use of [unnecessary] force
- Wrongful arrest
- False report to cover up their wrongdoing

5

- Unusual behavior police covering up mic while discussing
- Attempt to restrict my evidence and witnesses
- Delaying my crime victim compensation with Madison WI Judge Kristin Frederick
- The Hotel for not having cameras working

Id. at 2. Under "Jurisdiction," the plaintiff states that he is suing for a violation of federal law under "Title 18 of the United States Code" and "Title 6 of the Civil Rights Act." Id. at 4. For relief, the plaintiff requests that the defendant fire the officers and impose a restraining order against them, arrest Reed and compensate the plaintiff for medical expenses and loss of wages resulting from the officers "brutally assault[ing] and wrongfully arrest[ing]" the plaintiff "without reading [his] rights." Id. The plaintiff states that he has incurred $100,000 in medical expenses to date and $20,000 in lost wages because he has been "unable to keep a steady job" since the incident. Id.

    C.    Analysis

On his motion for leave to proceed without prepaying the filing fee, the plaintiff identified an additional defendant that he did not name as a defendant in his complaint: "AmeriVu Suites in Sheboygan Falls, now the Oasis Hotel + Bar." Dkt. No. 2 at 1. If the plaintiff wishes to bring a claim against the Oasis Hotel, he must amend his complaint to add the hotel as a defendant. He may not do so by simply listing the hotel as a defendant in the caption of his motion for leave to proceed without prepaying the filing fee. Because *the complaint* identifies the Sheboygan County Police Department as the sole defendant, the court will consider only whether the complaint states a claim against the Sheboygan County Police Department.

If the plaintiff is trying to bring a claim on behalf of his mother, he cannot do so. It does not appear that the plaintiff is a lawyer. Federal law does not allow non-attorneys to represent other parties in federal court. Under 28 U.S.C. §1654, "[i]n all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein" (emphasis added). See also Georgakis v. Ill. State Univ., 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself.") (citing 28 U.S.C. §1654). Even a power of attorney does not authorize a non-lawyer to practice law or represent someone in federal court. Johnson v. Bank One N.A., 90 F. App'x 956, 957 (7th Cir. 2004). If the plaintiff's mother wants to bring a claim, she must file her own complaint, or obtain a lawyer to represent her, on her own behalf.

1. *Americans With Disabilities Act Claim*

The complaint does not state a claim under the Americans with Disabilities Act (ADA). The ADA "forbids discrimination against persons with disabilities in three major areas of public life: (1) employment, which is covered by Title I of the statute, [42 U.S.C.] § 12111–12117; (2) public services, programs and activities, which are the subjects of Title II, id. § 12131–12165; and (3) public and private lodging, which is covered by Title III, id. § 12181–12189." Wisconsin Cmty Servs., Inc. v. City of Milwaukee, 465 F.3d 737, 750 (7th Cir. 2006). The plaintiff does not identify which of the three areas he believes is implicated here; he states that the defendant violated the ADA "by

7

not properly providing safety for my mother." Dkt. No. 1 at 2. None of the events in the complaint relate to the plaintiff's employment, so Title I does not apply. Title II *may* apply to law enforcement investigations and arrests, but that is an "open question" in the Seventh Circuit. King v. Hendricks Cnty. Commissioners, 954 F.3d 981, 988 (7th Cir. 2020) (explaining that there is a circuit split on this issue and assuming without deciding that Title II does apply to law enforcement actions). Title III applies to public accommodations such as hotels, see Scherr v. Marriott Int'l, Inc., 703 F.3d 1069 (7th Cir. 2013), but as the court discussed above, the plaintiff did not name the Oasis Hotel as a defendant in the complaint. Identifying the applicable title of the ADA is largely academic, however, because each title prohibits discrimination on the basis of disability. The plaintiff has not alleged that *he* has a disability. He alleges that *his mother* has a disability. As the court explained, the plaintiff cannot bring a claim on behalf of his mother because the plaintiff is not a lawyer. The plaintiff has not stated a claim under the ADA.

        2.     *Police Brutality, Excessive Force, Wrongful Arrest Claims*

The plaintiff next brings a claim for "police brutality," excessive force and wrongful arrest when officers responded to his 911 call. Dkt. No. 1 at 2. These claims are grounded in the Fourth Amendment. See Plumhoff v. Rickard, 572 U.S. 765, 774 (2014) ("A claim that law-enforcement officers used excessive force to effect a seizure is governed by the Fourth Amendment's 'reasonableness' standard."). The way that a plaintiff can bring claims of constitutional violations against state government employees, like police

8

officers, is through 42 U.S.C. §1983, a federal civil rights statute. To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that a person deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). Unlike an individual police officer, however, a police department is not a suable entity. Defendants in a federal lawsuit must have the legal capacity to be sued, and the "law of the state where the court is located" determines that capacity for entities that are not individuals or corporations. Fed. R. Civ. P. 17(b)(3); see also DeGenova v. Sheriff of DuPage Cnty., 209 F.3d 973, 976 n.2 (7th Cir. 2000) ("The federal courts look to state law to determine if a defendant is amenable to suit."). Under Wisconsin law, a police department does not have the capacity to be sued. See Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004) (stating a sheriff's department "is not a legal entity separable from the county government which it serves and is therefore, not subject to suit"). Because the Sheboygan County Police Department is not a suable entity under Wisconsin law, the plaintiff may not sue it under §1983. The court will give the plaintiff an opportunity to amend his complaint to name a suable person or entity, such as the specific police officer or officers who allegedly violated his rights.

9

Case 2:24-cv-01265-PP    Filed 02/24/25    Page 9 of 15    Document 4

### 3. *Remaining Claims*

To the extent that he means to allege further violations of his civil rights, the other claims related to the plaintiff's arrest—that the defendant issued a "false report to cover up their wrongdoing," engaged in "unusual behavior [by] police covering up mic" and "attempt[ing] to restrict [the plaintiff's] evidence and witnesses"—cannot proceed against the Sheboygan County Police Department because, as explained above, the department is not a suable entity. Even if the plaintiff had named a defendant subject to suit, he has not sufficiently pled these allegations. While making a false report may form the basis of a due process violation, the plaintiff has not provided the court with enough information about the result of his arrest to determine whether this was a violation. See Whitlock v. Brueggeman, 682 F.3d 567, 580 (7th Cir. 2012) ("We have consistently held that a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of her liberty in some way."). It is unclear what violation of the plaintiff's rights the officers allegedly committed by engaging in the "unusual behavior" of covering up their mics. The complaint also does not explain how the defendant allegedly "attempted" to restrict the plaintiff's evidence and witnesses.

"A police officer's failure to disclose material exculpatory evidence to a criminal defendant or the prosecutor may result in a violation of the defendant's due process rights." Baker v. City of Chicago, 483 F. Supp. 3d 543, 553 (N.D. Ill. 2020) (citing Brady v. Maryland, 373 U.S. 83, 87–88 (1963)). But

10

to state a Brady claim, the plaintiff needed to allege that "(1) the evidence at issue was favorable to the plaintiff; (2) the officers concealed the evidence; and (3) the concealed evidence resulted in prejudice to the plaintiff." Id. The complaint does not allege any of these things. In fact, if all the defendant (or the officers) did was "attempt" to restrict the plaintiff's access to evidence and witnesses, it is unclear whether that would be a Brady violation at all.

The plaintiff next attempts to state a claim against the defendant for "delaying [his] crime victim compensation." Dkt. No. 1 at 2. There are no supporting facts in the complaint identifying what the defendant allegedly did to "delay" the plaintiff's crime victim compensation. Restitution may be available to the plaintiff under Wis. Stat. §973.20 or through Wisconsin's Crime Victim Compensation statute, Wis. Stat. §949.03, but neither statute provides a cause of action for an individual "delaying" or otherwise interfering with a victim's award. The court does not have enough information to determine what the plaintiff believes the defendant did wrong, or what law he believes the defendant violated. The complaint does not state a claim for "delaying" the plaintiff's crime victim compensation.

The complaint does not state a claim against the Oasis Hotel "for not having cameras working." The Oasis Hotel is not a defendant. Even if it were, the plaintiff does not explain what law requires the hotel to have working cameras. The plaintiff may be trying to bring a negligence claim or a premises liability claim against the hotel. For a negligence claim, the plaintiff must show "(1) the existence of a duty of care on the part of the defendant, (2) a breach of

11

that duty of care, (3) a causal connection between the defendant's breach of the duty of care and the plaintiff's injury, and (4) actual loss or damage resulting from the [breach]." Hoida, Inc. v. M & I Midstate Bank, 291 Wis. 2d 283, 302 (Wis. 2006) (quoting Gritzner v. Michael R., 235 Wis. 2d 781, 790–91 (Wis. 2000)). As for premises liability, under Wisconsin's Safe Place Statute, Wis. Stat. §101.11, the building owner must "make the place 'as safe as the nature of the premises reasonably permits,'" and the owner is liable only if the owner has "actual or constructive notice" that an unsafe condition exists. Megal v. Green Bay Area Visitor & Convention Bureau, Inc., 274 Wis. 2d 162, 171 (Wis. 2004) (quoting Strack v. Great Atl. & Pac. Tea Co., 35 Wis. 2d 51 (Wis. 1967). Even if the plaintiff had properly named the hotel as a defendant, he has not alleged that the hotel owed him a duty of care that it breached by failing to have working cameras. Nor does the complaint allege that not having working cameras constituted an unsafe condition or that the hotel had notice of the alleged unsafe condition.

The plaintiff cannot bring any claims under Title 18 of the United States Code. Title 18 is the federal criminal code. The plaintiff has not identified a section of Title 18 that he thinks the defendant has violated, but federal criminal statutes generally do not create a private right of action for a plaintiff. See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994) (discussing reluctance to infer private right of action from criminal prohibitions). Only the government—the United States Attorney's

Office or the District Attorney's Office—may prosecute someone under a criminal statute.

Finally, the complaint does not state a claim under Title VI of the Civil Rights Act of 1964. Title VI states that no person "shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. §2000d. The plaintiff has not alleged that there is any federally funded program or activity at issue in this case. Even if there were a federally funded program or activity involved, the plaintiff has not alleged that any of the defendant's activities were motivated by "race, color, or national origin." In fact, the plaintiff does not identify his race, color or national origin in the complaint.

Because the plaintiff has failed to name a proper defendant for his §1983 claims and his complaint fails to state a claim as to any of his other causes of action, the court must dismiss the complaint.

### III. Miscellaneous

The court is dismissing the plaintiff's complaint, but it will do so "without prejudice." That means that the plaintiff may, if he chooses to, file an amended complaint by the deadline the court will set below. If the plaintiff decides to file an amended complaint, there are things he should keep in mind. First, an amended complaint takes the place of, or "supersedes," the original complaint. Flanner v. Recording Indus. Ass'n of Am., 354 F.3d 632, 638 n.1 (7th Cir. 2004). That means that the plaintiff must include in the amended complaint all

13

the facts supporting his claims; he cannot simply tell the court to go back and look at what he alleged in his original complaint. The court will send a blank amended complaint form with this order. The plaintiff must use this form in preparing his amended complaint. He must put the case number for this case—Case No. 24-cv-1265—in the space provided for a case number. He must identify all the defendants he wishes to bring claims against in the caption of the amended complaint, keeping in mind the court's instructions regarding suable entities. The plaintiff should use the spaces on pages 3 and 4 to recite the facts of his claims; if that is not enough space, he may use *up to three additional, double-spaced pages*. Again, the amended complaint must be complete in itself. It may not refer the court back to allegations in the original complaint. And the plaintiff may not bring any claims on behalf of another plaintiff, such as his mother.

If the plaintiff elects to file an amended complaint, he must file it in time for the court to receive it by the deadline the court sets below. If the court does not receive an amended complaint by that deadline, the court will dismiss this case with prejudice and without further notice or hearing.

## IV. Conclusion

The court **GRANTS** the plaintiff's motion to proceeding without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

The court **ORDERS** that if the plaintiff wishes to proceed with this case,

he must file an amended complaint that complies with the instructions in this order in time for the court to *receive it* by the end of the day on **March 28, 2025**. If the court does not receive an amended complaint, or a motion asking for additional time to file one, by the end of the day on March 28, 2025, the court will dismiss this case with prejudice for failure to state a claim upon which relief can be granted.

Dated in Milwaukee, Wisconsin this 24th day of February, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**